UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DANIEL DE OLIVEIRA, MD,

Plaintiff,

v.

INTERNAL REVENUE SERVICE ET AL,

Defendants.

**MEMORANDUM AND ORDER**

25-cv-03070 (LDH) (ARL)

LASHANN DEARCY HALL, United States District Judge:

Daniel De Oliveira, MD ("Plaintiff"), proceeding pro se, brings the instant action against Internal Revenue Service ("IRS"), Carter Taylor, and Joseph Fude (collectively "Defendants") asserting claims for violations of his Fifth Amendment rights. Defendants move, pursuant to Rules 12(b)(1), (2), (4), (5), and (6) of the Federal Rules of Civil Procedure, to dismiss the Complaint in its entirety.

**BACKGROUND**[1]

On February 12, 2025, Defendant IRS levied Plaintiff's bank accounts, brokerage accounts, and cryptocurrency holdings for Plaintiff's 2016 tax arrears. (Complaint ("Compl.") ¶¶ 10-11, 13, ECF No. 1.) Plaintiff was provided a twenty-one-day grace period from the date of the February 12, 2025 levy before Defendant IRS would seize Plaintiff's assets. (*Id.* ¶ 13.) On February 25, 2025, at the time of the filing of the Complaint, Plaintiff's assets were still in his bank and brokerage accounts. (*Id.*) Defendant IRS did not provide Plaintiff or his representative with a Financial Notice of Intent to Levy or any other legal notice prior to executing the levy. (*Id.* ¶¶ 10, 12.) In any event, the levy was executed, and Defendant IRS "block[ed] access to

[1] The following facts are taken from the Complaint and are assumed to be true for the purpose of this memorandum and order, unless otherwise indicated.

[Plaintiff's] own taxpayer records . . . thereby preventing him from verifying the alleged tax error from 2016 taxes and disputing it effectively." (*Id.* ¶ 11.) According to the Complaint, as a result of the levy, Plaintiff's tax arrears continue to accrue interest and penalties. (*Id.* ¶ 16.)

On an unspecified date, Plaintiff made a written application to the IRS requesting that the IRS apply his withheld tax funds from his tax overpayments to his 2016 tax liability. (*Id.*) Defendant declined to do so. (*Id.*)

**STANDARD OF REVIEW**

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). The plaintiff bears the burden of establishing by a preponderance of the evidence that subject-matter jurisdiction exists. *Id.* "In reviewing a Rule 12(b)(1) motion to dismiss, the court 'must accept as true all material factual allegations in the complaint, but [the court is] not to draw inferences from the complaint favorable to plaintiff[ ].'" *Tiraco v. New York State Bd. of Elections*, 963 F. Supp. 2d 184, 190 (E.D.N.Y. 2013) (alterations in original) (quoting *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004)). Further, "[i]n resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court ... may refer to evidence outside the pleadings." *Makarova*, 201 F.3d at 113. "Failure of subject matter jurisdiction, of course, is not waivable and may be raised at any time by a party or by the court *sua sponte*." *Oscar Gruss & Son, Inc. v. Hollander*, 337 F.3d 186, 193 (2d Cir. 2003) (citing *Lyndonville Sav. Bank & Trust Co. v. Lussier,* 211 F.3d 697, 700 (2d Cir. 2000)). "If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Trust Co. v. Lussier,* 211 F.3d 697, 700-01. (2d Cir. 2000).

Where, as here, a plaintiff is proceeding pro se, his pleadings "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v.Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)). A pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Boykin v. KeyCorp*, 521 F.3d 202, 213–14 (2d Cir. 2008) (quoting Erickson v. Pardus, 55 U.S. 89, 94 (2007) (per curiam)). This is "particularly so when the pro se plaintiff alleges that [his] civil rights have been violated." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008). Still, "even pro se plaintiffs asserting civil right claims cannot withstand a motion to dismiss unless their pleadings contain factual allegations sufficient to raise a 'right to relief above the speculative level.'" *Jackson v. NYS Dep't of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010) (quoting *Twombly*, 550 U.S. at 555)).

## DISCUSSION

### I. Claims against the Internal Revenue Service

Plaintiff brings claims against the Defendant IRS alleging violations of his constitutional rights under the Fifth Amendment. (Compl. ¶ 1.) According to the Complaint, Defendant IRS violated Plaintiff's due process rights by failing to provide required documentation before levying and, ultimately, seizing his assets. (*Id.*) It has long been settled that suits for actions taken by a federal agency must be brought against the United States. *Hartke v. Fed. Aviation Admin.*, 369 F. Supp. 741, 743 (E.D.N.Y. 1973) ("It is well established that the United States government cannot be sued without its consent . . . , and that a suit against a federal agency is a suit against the federal government."). Indeed, 28 U.S.C. § 1346(a)(1), the applicable statute, expressly provides that civil actions and claims for the recovery of any internal-revenue tax must

be brought "against the United States." *See* 28 U.S.C. § 1346(a)(1). Accordingly, claims for monetary, injunctive relief, or for a refund of taxes improperly collected must be brought against the United States and not the IRS. *See Kauapirura v. United States Dep't of the Treasury Internal Revenue Serv.*, No. 23-CV-6167, 2023 WL 7687700, at *2 (E.D.N.Y. Oct. 5, 2023); *In re Hall*, 629 B.R. 124, 141 (Bankr. E.D.N.Y. 2021) ("Consistent with this rule, where a plaintiff – including a taxpayer – seeks to assert a claim concerning its tax liability, it is the United States, rather than its agency the IRS that may be sued."); *see also Greene v. IRS*, 2008 WL 5378120, at *7 (N.D.N.Y. Dec. 23, 2008) ("[n]o suit may proceed against the IRS either for a refund of tax allegedly improperly collected or for monetary or injunctive relief because Congress has not authorized suit against the agency in its own name."). Plainly, the IRS is not a proper party to this action.

## II. Claims against Revenue Officers Carter Taylor and Joseph Fude

### A. Individual Capacities

Plaintiff also brings claims against Defendants Taylor and Fude in their individual and official capacities for alleged violations of his Fifth Amendment rights. (Compl. ¶¶ 1, 21-24.) Plaintiff seeks, *inter alia*, compensatory damages from Defendants Taylor and Fude. (Compl. ¶ 3.) Given Plaintiff's *pro se* status, with respect to Plaintiff's claims against Defendants Taylor and Fude in their individual capacity, the Court interprets the Complaint as asserting claim under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). Under *Bivens*, a plaintiff may in certain circumstances seek relief from federal officials who are personally liable for committing constitutional torts. *Adio-Mowo v. Heinemann*, No. 94-CV-5616, 1995 WL 313146, at *3 (E.D.N.Y. May 15, 1995). The Court need not address whether Plaintiff's claim would be cognizable under *Bivens* because, in this case, Defendants Taylor and Fude are immune from suit

altogether. "Federal officials are protected from suit for civil damages for alleged constitutional violations if 'their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Yalkut v. Gemignani*, 873 F.2d 31, 35 (2d Cir. 1989) (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)).

Here, Plaintiff alleges that Defendants Taylor and Fude violated his Fifth Amendment right to due process by levying his accounts and failing to apply withheld tax funds towards his tax arrears. (Compl. ¶¶ 8-9.) However, the Second Circuit has held that the application of a levy against a plaintiff's assets violates no due process right that is clearly established under the Fifth Amendment. *See Yalkut*, 873 F.2d at 35-36 (explaining that "[i]t is doubtful, however, that a taxpayer's right to due process could be violated by an IRS levy carried out in accordance with federal law and IRS policy," and holding that "[the IRS agent's levying] actions violated no right to due process *that is clearly established.*" (emphasis in original)).

Plaintiff also alleges that Defendant Taylor and Fude unlawfully seized his assets in violation of the Fifth Amendment's taking clause to satisfy his tax arrears. (Compl. ¶¶ 25-28.) However, Defendants Taylor and Fude's imposition of a levy, in their capacity as IRS agents, to recover tax arrears does not amount to a taking, and therefore, is not a constitutional violation. *See, e.g.*, *Futia v. United States*, No. 22 CV 6965, 2023 WL 3061903, at *7 (S.D.N.Y. Apr. 24, 2023) ("[I]t is not a taking of plaintiff's property without due process . . . to impose a levy to satisfy unpaid taxes."), *aff'd*, No. 23-860, 2024 WL 2151115 (2d Cir. May 14, 2024). Thus, Defendants Taylor and Fude are immune from individual liability.

**B. Official Capacities**

Plaintiff also brings claims against Defendants Taylor and Fude in their official capacities. "Suits against federal employees acting in their official capacity . . . must be analyzed as suits against the United States." *Petitio v. Hill*, No. 04-CV-4493, 2007 WL 1016890, at *10 (E.D.N.Y. Mar. 26, 2007). Accordingly, "[b]ecause an action against a . . . federal officer[] in their official capacities is essentially a suit against the United States, such suits are also barred under the doctrine of sovereign immunity, unless such immunity is waived." *Robinson v. Overseas Mil. Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994). To that end, a court must first assess whether a defendant's actions were made in their official capacity. If a plaintiff's pleading clears that threshold, then the court must assess whether the United States has waived its immunity from suit.

To determine whether a federal official operated within the scope of their employment, *i.e.*, in their official capacity, courts apply a broad-two prong test. *Yalkut*, 873 F.2d at 34. First, the court determines "whether there is a reasonable connection between the act and the agent's duties and responsibilities and, second, whether the act is 'not manifestly or palpably beyond the [agent's] authority.'" *Id.* (quoting *Nietert v. Overby,* 816 F.2d 1464, 1466 (10th Cir. 1987).

Here, Plaintiff alleges that Defendant Taylor was "involved in the unlawful levy and seizure actions against Plaintiff's property," (Compl. ¶ 8), and that Defendant Fude is "responsible for the failure to provide due process before levying Plaintiff's accounts and failing to properly apply withheld tax funds towards the alleged liability," (*id.* ¶ 9). However, "[t]he Internal Revenue Code provides for collecting assessed taxes by levy." *Yalkut*, 873 F.2d at 35 (citing 26 U.S.C. § 6331)). Therefore, "[Defendants Taylor and Fude's] levy[] on [Plaintiff]'s bank account clearly was related to their official duties." *Id*. That is, there is a reasonable

connection between the levy placed on Plaintiff's accounts and the Defendants Taylor and Fude's duties and responsibilities. *See Celauro v. U.S. I.R.S.*, 411 F. Supp. 2d 257, 266 (E.D.N.Y. 2006) ("[T]he issuance of various Notices of Levy, Notices of Federal Tax Liens, and Administrative Summonses were clearly related to [the] defendant [revenue officer's] [] official duties."). Accordingly, Defendants Taylor and Fude were acting within the scope of their official duties and not manifestly or palpably beyond their authority.

Because Defendants Taylor and Fude were operating official capacities, the Court must determine whether the United States has waived sovereign immunity. As sovereign, the United States is immune from suit unless it consents to being sued. *S.E.C. v. Credit Bancorp., Ltd.*, 297 F.3d 127, 136 (2d Cir. 2002). Accordingly, a court's jurisdiction to hear suits against the United States is constrained by the terms of the sovereign's consent. *Id.* ("It is well established that '[t]he United States, as sovereign, is immune from suit save as it consents to be sued.... [T]he terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'.... Any waiver of the government's sovereign immunity is to be strictly construed in favor of the government." (citation omitted) (cleaned up)). "Thus, the court is given jurisdiction to entertain a claim against the United States only to the extent of the waiver; the court has no power to broaden a limited waiver of immunity." *Id.* (citing *Long Island Radio Co. v. NLRB*, 841 F.2d 474, 477 (2d Cir. 1988)).

Defendant argues that this Court lacks subject matter jurisdiction because 28 U.S.C. § 1340 "does not itself constitute a waiver of sovereign immunity by the United States." (Defs.' Mem. of Law in Supp. of Mot. to Dismiss ("Defs.' Mem.") at 9, ECF No. 44.) Defendants' argument misses the mark. *See Kulawy v. United States*, 917 F.2d 729, 733 (2d Cir. 1990) (explaining that "Section 1340 of 28 U.S.C. gives the federal district courts 'original jurisdiction

of any civil action arising under any Act of Congress providing for internal revenue,'" and concluding that "as a general jurisdictional statute, it does not of itself constitute a waiver of sovereign immunity.").

Plaintiff asserts this Court has jurisdiction under 28 U.S.C. § 1346.[2] (Compl. ¶ 4.) Given Plaintiff's pro se status, the Court construes Plaintiff's claims as being brought under 28 U.S.C. § 1346(a)(1).[3] Section 1346(a)(1) of Title 28 confers this Court "original jurisdiction" over "[a]ny civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws." 28 U.S.C. § 1346(a)(1). This statute provides this Court with the requisite jurisdiction. *See Consol. Edison Co. of New York v. United States*, 221 F.3d 364, 369 (2d Cir. 2000) ("As an initial matter, we note that jurisdiction is proper. ConEd having paid the contested penalty and filed a Claim for Refund and Request for Abatement, the district court had jurisdiction under 28 U.S.C. § 1346(a)(1) and I.R.C. § 7422(a) to review the IRS's imposition of the penalty."); *see also Harriman v. I.R.S.*, 233 F. Supp. 2d 451, 457 (E.D.N.Y. 2002) ("[S]ubject matter jurisdiction over the commencement of this action is validly

---

[2] Plaintiff also alleges this Court has jurisdiction under 28 U.S.C. §§ 1331, 2201. However, these statutes are not relevant to the Court's analysis. Section 1331 of Title 28 provides district courts with "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Section 2201 of Title 28 provides that "[i]n cases of actual controversy within its jurisdiction, except with respect to Federal taxes . . . , any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. These general statutes do not confer the Court jurisdiction to hear Plaintiff's claims.

[3] In accordance with 28 U.S.C. § 1346(a)(1), Plaintiff alleges that Defendant illegally assessed taxes by: (1) failing to provide a "Final Notice of Intent to Levy [] or any other legally required notice under 26 U.S.C § 6331(d) before the IRS levied his bank accounts, brokerage accounts and cryptocurrency holdings," (Compl. ¶ 10); "blocking access to [Plaitniff's] own taxpayer records, in violation of 26 U.S.C. § 6103," (*id.* ¶ 11); and by "fail[ing] to send notices to Plaintiff's legally authorized tax representative or representative BC Tax, in violation of IRS policies and 26 U.S.C. § 7521(b)(2), for the levy applied on 02-12-2025," (*id.* ¶ 12).

found in 28 U.S.C. § 1346."); *Pfizer Inc. v. United States*, 939 F.3d 173, 176 (2d Cir. 2019) (same). However, this does not end the Court's analysis.

While this Court can validly exercise jurisdiction under 28 U.S.C. § 1346(a)(1), the statute "has long been interpreted to require the full payment of the contested tax as a jurisdictional prerequisite to a tax refund action." *Larson v. United States*, 888 F.3d 578, 583 (2d Cir. 2018). That is, while Plaintiff has identified a statute that would otherwise permit this Court to hear his claims, the Court lacks jurisdiction and may not do so unless full payment of Plaintiff's tax arrears has been made. Plaintiff alleges that he "requested in writing that the IRS apply his withheld tax funds to his alleged liability . . . ." (Compl. ¶ 16.) Furthermore, attached to Plaintiff's Complaint are tax statements or notices, which demonstrate Plaintiff has tax arrears in the amount of at least $218,759.17. (Compl. at 22.) Taken together, Plaintiff has alleged that he has not made full payment for his tax liability, and therefore, this Court lacks the authority to hear his claims. For this reason, Plaintiff's claims must be dismissed.[4]

[4] The Court also notes that Plaintiff's claims would also be barred by the Anti-Injunction Act and the Declaratory Judgment Act. The Anti-Injunction Act stipulates that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person . . . ." 26 U.S.C. § 7421(a). And, the Declaratory Judgment Act, "except with respect to Federal taxes," permits any court of the United States to "declare the rights and other legal relations of any interested party seeking declaration . . . ." 28 U.S.C. § 2201(a). In considering these two statutes, the Supreme Court has held that "the federal tax exception to the Declaratory Judgment Act is at least as broad as the prohibition of the Anti-Injunction Act." *Alexander v. Americans United Inc.*, 416 U.S. 752, 759 n.10 (1974). Accordingly, an action barred under the Anti-Injunction Act is also barred under the Declaratory Judgment Act. *Tucker v. United States*, No. 96-CV-6039, 1998 WL 708923, at *2 (E.D.N.Y. July 6, 1998) ("[T]o the extent the Court finds that this action is barred under the Anti–Injunction Act, it is also barred under the Declaratory Judgment Act."). Here, Plaintiff patently brings suit for the purpose of restraining Defendant from assessing and collecting his taxes in direct contravention with the Anti-Injunction Act. Indeed, Plaintiff asks the Court to "[i]ssue an injunction preventing further unauthorized levies and ordering the IRS to apply Plaintiff's withheld tax funds to any alleged liabilities" and "[d]eclare that Defendants' actions violated Plaintiff's constitutional rights under the Fifth Amendment." (Compl. at 6.) In review of the Complaint, "[t]here is no doubt that the relief plaintiff seeks would bear directly on the government's ability to assess taxes upon the plaintiff and that this action falls squarely into the provisions of the Anti–Injunction Act." *Tucker*, 1998 WL 708923, at *2 . Accordingly, Plaintiff's claims are barred by the Anti-Injunction Act and the Declaratory Judgment Act.

To the extent Plaintiff seeks consideration of his claims under 26 U.S.C. § 7433, those claims are also prohibited. The United States has waived its immunity under 26 U.S.C. § 7433, which permits a taxpayer to bring a civil action "in connection with any collection of Federal tax" by "officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is GRANTED. The Clerk of Court is respectfully directed to mail a copy of this Memorandum and Opinion to Plaintiff and close the case.

SO ORDERED.

Dated: Brooklyn, New York
September 30, 2026

/s/ LDH
LASHANN DEARCY HALL
United States District Judge

promulgated under this title." 26 U.S.C. § 7433(a). However, a plaintiff must exhaust their administrative remedies before a court may exercise jurisdiction over its claims brought pursuant to 26 U.S.C. § 7433. *Kuhl v. United States*, 467 F.3d 145, 149 (2d Cir. 2006). Here, the IRS has implemented regulations, which require Plaintiff to submit an administrative claim. *See* 26 C.F.R. § 301.7433-1(e)(2). However, absent from Plaintiff's Complaint is any allegation that Plaintiff complied with these administrative requirements. (*See generally* Compl.) In fact, Plaintiff filed this Complaint on February 25, 2025, just thirteen days after the IRS was set to seize his assets, (Compl. ¶ 13), which supports an inference that the administrative process was not undertaken by Plaintiff. There are no facts that indicate Plaintiff comported with the administrative requirements. Accordingly, the absence of these allegations deprives the Court of jurisdiction to hear any claims made under 26 U.S.C. § 7433. *See Kuhl*, 467 F.3d at 148 ("[T]axpayers must comply with the letter of the government's narrow waiver of sovereign immunity in order to get to federal court.").